Ocie Charles **KELLY**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 05–93–01996–CR.

Court of Appeals of Texas, Dallas.

June 19, 1995.

Discretionary Review Refused Oct. 4, 1995.

**810**

Robert Udashen, Milner; Lobel, Goranson, Sorrels, Udashen & Wells, Dallas, for appellant.

Teresa Tolle, Dallas County Public Defenders Office, Dallas, for State.

Before THOMAS[1], C.J., and MALONEY and CHAPMAN, JJ.

## OPINION

CHAPMAN, Justice.

Appellant appeals his jury conviction for unlawful delivery of cocaine in an amount less than twenty-eight grams. The trial court assessed punishment, enhanced by a prior felony conviction, at fifteen years' confinement. In five points of error, appellant contends the trial court erred in: (1) failing to swear in the jury venire prior to voir dire; (2) allowing the State to impeach him with a prior felony conviction; (3) overruling his objection to improper jury argument; (4) failing to instruct the jury on the law of entrapment; and (5) failing to instruct the jury on the law of accommodation agency. We reverse and remand.

In his third point of error, appellant contends the trial court erred in overruling his objection to improper jury argument. During jury argument, in the guilt-innocence stage of the trial, the following exchange occurred just prior to the jury being excused for deliberation:

> [Prosecutor]: I don't want to waste any more time in this phase of trial. I think what you need to do now is just go back there, apply the evidence to law and find him guilty, and let's get on to *what really is the issue* in this case, what punishment should be assessed.

> [Defense Counsel]: Your Honor, I object to that testimony—I mean that statement, and I would ask for a mistrial.

> [The Court]: I'll overrule—deny the motion for mistrial and overrule your objection.

Appellant argues the prosecutor's argument did not fall within the permissible

---

1. The Honorable Linda Thomas was on the original panel at the time this cause was submitted for decision. Justice Thomas was sworn in as Chief Justice on January 1, 1995.

bounds of jury argument. Appellant contends the jury should be concerned only with issues of guilt at the guilt-innocence stage of the proceedings. He maintains the prosecutor's argument encouraged the jury to disregard this duty.

■ The State argues appellant's general objection was insufficient to preserve error. To preserve a complaint for appellate review, a party must present to the trial court a timely request, objection, or motion, stating the specific grounds for the ruling he desires the court to make if the specific grounds are not apparent from the context. TEX.R.APP.P. 52(a). A general objection is normally insufficient to preserve error. *See Martinez v. State*, 833 S.W.2d 188, 192 (Tex. App.—Dallas 1992, pet. ref'd). However, if the circumstances show the trial judge is aware of the substance of the objection, a general objection will not waive error. *Id.* In some cases, the very nature of a prosecutor's argument coupled with a general objection may be sufficient to preserve error. *Everett v. State*, 707 S.W.2d 638, 641 (Tex.Crim. App.1986).

■ Appellant objected immediately after the prosecutor told the jury, during guilt-innocence, the real issue in the case was what punishment should be assessed. The trial court immediately overruled appellant's objection. In this case, we find that the nature of the prosecutor's argument coupled with appellant's objection informed the trial court of the nature of the error. We hold appellant preserved error.

■ For jury argument to be proper, it must fall into one of the following categories: (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to opposing counsel's argument; or (4) plea for law enforcement. *Kinnamon v. State*, 791 S.W.2d 84, 89 (Tex.Crim.App.1990), *overruled on other grounds by Cook v. State*, 884 S.W.2d 485 (Tex.Crim.App.1994). The court of criminal appeals has held that an argument similar to the prosecutor's argument in this case is improper. *Cherry v. State*, 507 S.W.2d 549, 549 (Tex.Crim.App.1974). In *Cherry*, the prosecutor argued:

I beleve [sic] that y'all know that the real reason we tried this case was not to determine guilt or innocence, but to determine what kind of punishment that is going to be set in this particular kind of crime.

*Id.* at 549. The *Cherry* court held the argument was "totally improper" at the guilt-innocence stage of the proceedings. *Id.* The court further stated that the State's contention that the argument was a proper plea for law enforcement was "untenable." *Id.* The argument in *Cherry* was improper because it told the jury to ignore its duty to decide guilt or innocence and get to punishment because that was the only issue in the case. *Mann v. State*, 718 S.W.2d 741, 744 (Tex.Crim.App.1986), *cert. denied*, 481 U.S. 1007, 107 S.Ct. 1633, 95 L.Ed.2d 206 (1987).

The State relies on *Alto v. State* and *Mann v. State* for the proposition that the argument in this case was a proper plea for law enforcement. *Alto v. State*, 739 S.W.2d 614 (Tex.App.—Houston [14th Dist.] 1987, pet. ref'd); *Mann*, 718 S.W.2d at 741.

In *Alto*, the prosecutor argued, "I ask that you go back and find the defendant guilty quickly so that we can get on to the punishment stage." On appeal, the appellant argued the trial court erred in denying his motion for mistrial. The *Alto* court distinguished *Cherry* because, unlike *Cherry*, the trial court sustained the appellant's objection and instructed the jury to disregard. *Id.* The court further noted that the statement, in context, was a proper plea for law enforcement. The *Alto* court concluded that under *Mann* the argument was, at most, harmless error. *Id.* at 620.

In *Mann*, the prosecutor stated, "I ask you to go in there and find [the appellant] guilty so we can get on with what this trial is all about." The court of criminal appeals did not hold that this argument was proper. Rather, it held that, in light of the overwhelming evidence of guilt, if the argument was improper, it was harmless. *Mann*, 718 S.W.2d at 744–45.

■ In this case, the prosecutor argued that the "real" issue in the case was what punishment should be assessed. Unlike *Alto*, appellant's objection to the argument was

overruled. Further, the argument did more than request the jury to find the defendant guilty quickly so they could focus on punishment. The argument encouraged the jury to overlook its duty to determine guilt or innocence to get on to the "real issue" of the case, *i.e.*, punishment. We are unable to conclude the argument was a proper plea for law enforcement. *See Cherry*, 507 S.W.2d at 549. As in *Cherry*, the argument was improper. The trial court erred in overruling appellant's objection.

■ We now must determine whether the trial court's ruling constituted reversible error. Rule 81(b)(2) of the Texas Rules of Appellate Procedure applies to improper jury argument. *Orona v. State*, 791 S.W.2d 125, 129–30 (Tex.Crim.App.1990). In conducting a harm analysis, we consider the source of the error, the nature of the error, whether or to what extent it was emphasized by the State, and its probable collateral implications. *Harris v. State*, 790 S.W.2d 568, 587 (Tex. Crim.App.1989). Further, we consider how much weight a juror would place upon the error. *Id.* Finally, we must also determine whether declaring the error harmless will encourage the State to repeat it with impunity. *Id.*

■ It has been the law of this State for over twenty years that the argument the prosecutor made to the jury in this case is improper. *See Cherry*, 507 S.W.2d at 549. This Court has nevertheless had before it at least two cases in the past year alone in which the prosecutor told the jury, during guilt-innocence, that the "real issue" in the case was punishment. We are left with the conclusion that the State is repeating this error with impunity because the courts have declared it harmless. *See, e.g., Mann*, 718 S.W.2d at 744–45; *Alto*, 739 S.W.2d at 620. We conclude the State will continue to do so if we once again declare it harmless in this case. *Cf. Holliman v. State*, 879 S.W.2d 85, 89 (Tex.App.—Houston [14th Dist.] 1994, no pet.). Accordingly, we sustain appellant's third point of error. Because of our disposition of this point of error, we need not address appellant's remaining points. We re-

verse the trial court's judgment and remand the case for further proceedings.