IN THE

TENTH COURT OF
APPEALS




 
 
 
 
 
 
 


 



No. 10-04-00129-CV

 

Christopher L. Skinner,

                                                                      Appellant

 v.

 

Danny Martin Oil Trust,

                                                                      Appellee

 

 

 



From the 13th District Court

Navarro County, Texas

Trial Court # 03-00-12923-CV

 



MEMORANDUM 
Opinion



 








            Christopher
L. Skinner filed suit against Danny Martin Oil Trust.  The trial court dismissed the suit and
Skinner filed a notice of appeal.  His
notice was not served on all parties to the final judgment as required by the
Rules of Appellate Procedure.  Tex. R. App. P. 9.5(d), 25.1(e).  This Court notified Skinner of the
defect.  We have not received a response.




This
appeal is dismissed.  Tex. R. App. P. 42.3 (c).  

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

Before Chief Justice Gray,

          Justice Vance, and

          Justice Reyna

Appeal
dismissed

Opinion
delivered and filed July 21, 2004

[CV06]






ight: 0.388889in">      In his first point, Calhoun claims that the trial court committed fundamental error in
submitting a jury charge which contained an element not contained in the applicable law that
lowered the State's burden of proof. 
      Section 22.04(a) of the Texas Penal Code provides:
(a) A person commits an offense if he intentionally, knowingly, recklessly, or with criminal
negligence, by act or intentionally, knowingly, or recklessly by omission, causes to a child,
elderly individual, or invalid individual:
(1) serious bodily injury;
(2) serious physical or mental deficiency or impairment;
(3) disfigurement or deformity; or
(4) bodily injury.
Tex. Penal Code Ann. § 22.04(a) (Vernon 1994). The indictment and the charge both charged
that Calhoun intentionally or knowingly engaged in conduct that caused serious bodily injury or
disfigurement or deformity. The engage in conduct language was previously used in section
22.04(a) before it was amended in 1991. In the application portion of the charge, the trial court
instructed the jury:
Our law provides that to be guilty of the offense of injury to a child as alleged in the
indictment, the defendant must have intentionally or knowingly caused serious bodily injury
or disfigurement or deformity to Dreon Oscar Calhoun. Therefore, if you believe from the
evidence beyond a reasonable doubt that the defendant did cause the serious bodily injury or
disfigurement or deformity of Dreon Oscar Calhoun by placing or holding the said Dreon
Oscar Calhoun over or on or near an open flame or heat source, or by placing or holding or
immersing the said Dreon Oscar Calhoun in a hot liquid, or by a manner and means to the
Grand Jury unknown; or did then and there intentionally or knowingly by omission cause
serious bodily injury, or deformity, or disfigurement to Dreon Oscar Calhoun, a child 14
years of age or younger, by leaving the said Dreon Oscar Calhoun in or on or around a source
of hot liquid unattended by a person capable of caring for Dreon Oscar Calhoun, and the
defendant had assumed care, custody or control of Dreon Oscar Calhoun, and the defendant
was the parent of Dreon Oscar Calhoun, with the legal duty to act, the legal duty to care for,
the legal duty to control and the legal duty to protect Dreon Oscar Calhoun, as alleged, but
you have a reasonable doubt as to whether he intentionally or knowingly by omission or by
engaging in conduct caused the said serious bodily injury, disfigurement or deformity, then
you will acquit the defendant of injury to a child as alleged in the indictment and consider
whether he is guilty of recklessly causing injury to a child.

(Emphasis added).

      Calhoun complains that including the engage in conduct phrasing in the jury charge lowered
the State's burden of proof and allowed a conviction based only on intentionally engaging in
conduct which subsequently resulted in injuries, without regard to whether there was intent to
actually cause the injuries. 
      The offense of injury to a child is a result-oriented offense. See Beggs v. State, 597 S.W.2d
375, 377 (Tex. Crim. App. [Panel Op.] 1980). In order to sustain a conviction, the State must
prove that the defendant's conscious objective or desire was to cause serious bodily injury, and
that he was aware that his conduct was reasonably certain to cause serious bodily injury. Id. The
Court of Criminal Appeals has previously held that focusing mental culpability on the conduct
rather than solely on the result of the offense in a jury charge is error. Kelly v. State, 748 S.W.2d
236, 239 (Tex. Crim. App. 1988). 
      Because Calhoun failed to make an objection or request that the charge be amended at trial,
we will not reverse the decision unless we find fundamental error. Calhoun must show that he was
so egregiously harmed by the Court's failure to correct the jury charge that he was denied a fair
and impartial trial. Such error must be viewed "in light of the entire jury charge, the state of the
evidence, including the contested issues and weight of the probative evidence, the argument of
counsel and any other relevant information revealed by the record of the trial as a whole." 
Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984). 
      However, we find that Calhoun has waived his point with regard to Dreon Calhoun. The
complained of charge tracks Count I of the indictment and allows the jury to convict the defendant
if it finds that he intentionally or knowingly engages in conduct that causes serious bodily injury
or disfigurement or deformity or if he intentionally or knowingly by omission causes serious bodily
injury or disfigurement or deformity. On appeal, Calhoun complains of only the engage in conduct
language. He has not complained of the omission language in the charge. The jury found the
defendant guilty of each count "as alleged in the indictment" and did not specify the theory upon
which it relied. Because there is no evidence in the record on what theory the jury convicted the
defendant, we will presume that the jury convicted the defendant on the unobjected to theory. 
Therefore, we are presented with nothing for review. 
      Count II of the jury charge deals solely with whether Calhoun "intentionally or knowingly
engage[d] in conduct that caused serious bodily injury, or disfigurement or deformity" to the other
child, Nino Calhoun. However, we find that Calhoun has waived this point. While he does not
specifically distinguish between Counts I and II in his first point of error, Calhoun's arguments
in his brief refer only to the way the defendant was charged with regard to Dreon's injuries which
appear only in Count I of the indictment and charge. The defendant does not provide any
argument or authority for Count II. Therefore, we find that Calhoun has waived his complaint. 
Tex. R. App. P. 52(a); Tex. R. App. P. 74. Calhoun's first point is overruled. 
      In his second point, Calhoun claims that the trial court erred in overruling his motion for a
mistrial after the State suggested the injuries to one of the victims could have been caused by
dropping a lit cigarette on his bed. During final argument at the guilt-innocence portion of the
trial, the State made the following comments:
[The State]: But we found out about another heat source yesterday when he was on the stand,
he volunteered it. What? He smokes. He could have very easily that morning when he woke
up been laying there in bed, dropped his arm over the side of the bed into the bassinet where
the baby was laying, and inadvertently caught him on fire.

      [The Defense]: Your Honor, we object. There is absolutely no --
The Court: I sustain the objection. Instruct the jury they will disregard the last remarks of
counsel for any reason whatsoever.
[The Defense]: Ask for a mistrial, Your Honor.
The Court: Overrule the motion.
      Calhoun argues that the argument was improper because it was based solely on speculation,
and it lowered the State's burden of proof by informing the jury to convict based on accident. 
However, we must first determine if Calhoun preserved his error for review. Although he
objected to the statement, he never stated the grounds for his objection. In order to preserve error
for review, a party must present to the trial court a timely request, objection, or motion stating the
specific grounds for the ruling he desires the court to make if the specific grounds are not apparent
from the context. Tex. R. App. P. 52(a). While a general objection is usually insufficient to
preserve error, if the circumstances show that the trial court is aware of the substance of the
objection, a general objection will not waive error. Kelly v. State, 903 S.W.2d 809, 811 (Tex.
App.—Dallas 1995, pet. ref'd). Since the Court sustained the objection, we will assume that the
basis for the objection was apparent to the Court and that Calhoun has properly preserved his
complaint for review. 
      With regards to the statement by the prosecutor that Calhoun could have dropped a cigarette
into the victim's bed, we do not need to determine whether the statement was improper. Since the
trial court found such argument improper and took the remedial measures of sustaining the
objection and instructing the jury to disregard, we will limit our review to determining whether
the trial court erred in denying a mistrial.
      Generally once an objection has been sustained and an instruction given, an error does not
occur unless the remark was "extreme, manifestly improper, injected new and harmful facts into
the case, or violated a mandatory statutory provision and was thus so inflammatory that its
prejudicial effect could not reasonably be removed from the minds of the jurors by the instruction
given." Washington v. State, 822 S.W.2d 110, 118 (Tex. App.—Waco 1991), rev'd on other
grounds, 856 S.W.2d 184 (Tex. Crim. App. 1993); see Kinnamon v. State, 791 S.W.2d 84, 89
(Tex. Crim. App. 1990). Generally, an instruction to disregard is sufficient to cure improper jury
argument. Anderson v. State, 633 S.W.2d 851, 855 (Tex. Crim. App. 1982). If the reviewing
court determines that the instruction has removed the prejudicial effect of the improper argument,
no error results from the overruling of the motion for mistrial. Washington, 822 S.W.2d at 118. 
In the present case, we do not find that the argument was so inflammatory that it could not be
cured by an instruction to disregard from the trial court. Therefore, Calhoun's second point is
overruled.
      In his third point, Calhoun claims that there was insufficient evidence to establish that he
intended to cause serious bodily injury to Dreon and Nino Calhoun.
      During oral argument, Calhoun argued that the evidence was both legally and factually
insufficient. While the intermediate courts have now been given the authority by the Texas Court
of Criminal Appeals to review factual sufficiency points in criminal cases, we find that Calhoun
has not properly raised this point for review. See Clewis v. State, No. 450-94, slip op. at 7 (Tex.
Crim. App. January 31, 1996). Calhoun attempts to raise the issue of factual sufficiency for the
first time in a supplemental brief after oral argument. A point raised for the first time in an
amended or supplemental brief is normally considered to be untimely filed. Skillern v. State, 890
S.W.2d 849, 882 (Tex. App.—Austin 1994, pet. ref'd). However, the decision to consider a new
matter on appeal is left to the sound discretion of the appellate court. Riley v. State, 825 S.W.2d
699, 700 (Tex. Crim. App. 1992). While due process concerns or the interest of justice may
compel the consideration of a new matter that is raised for the first time in a supplemental or
amended brief, we do not find such circumstances to exist here. See Rochelle v. State, 791
S.W.2d 121, 124-25 (Tex. Crim. App. 1990). Because we find that the additional point is not
properly or timely presented, we will only review the legal sufficiency of the evidence.
      In addressing a legal sufficiency claim, the reviewing court must determine whether, after
viewing the evidence in the light most favorable to the verdict, any rational trier of fact could have
found all the essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia,
443 U.S. 307, 318-19, 99 S.Ct. 2781, 2788-89 (1979); Geesa v. State, 820 S.W.2d 154, 159
(Tex. Crim. App. 1991). It must be noted that this standard does not require the reviewing court
to determine whether the court itself believes that the defendant is guilty beyond a reasonable
doubt. Jackson, 443 U.S. at 319, 99 S.Ct. at 2788-89. The court is not to position itself as the
thirteenth juror in assessing the evidence. Moreno v. State, 755 S.W.2d 866, 867 (Tex. Crim.
App. 1988). Rather, the appellate court is to position itself "as a final due process safeguard,
ensuring only the rationality of the factfinder." Teer v. State, No. 578-95, slip op. at 13 (Tex.
Crim. App. April 24, 1996) (McCormick, J., dissenting) (citing Moreno, 755 S.W.2d at 867). 
Any inconsistencies in the evidence are resolved in favor of the verdict. Moreno, 755 S.W.2d at
867. 
      In his point of error, Calhoun argues that the evidence was legally insufficient to establish that
Calhoun "intended to cause serious bodily injury to Dreon Calhoun and Nino Calhoun." (emphasis
added). However, the Court charged the jury that he could be convicted if they found that he
intentionally or knowingly caused serious bodily injury to the boys. The jury found Calhoun guilty
of injury to a child as alleged in Count I and II, but it did not specify the mental culpability on
which it based its verdict. Where the defendant does not challenge or contest the sufficiency of
the evidence on both the alternate theories submitted, but instead challenges only one of the
alternate theories, the reviewing court will assume that the jury convicted the defendant based on
the unchallenged theory. See Griffin v. State, 850 S.W.2d 246, 253-54 (Tex. App.—Houston [1st
Dist.] 1993, pet. ref'd). In the present case, we find that, because Calhoun did not challenge
whether the evidence was sufficient to show that he knowingly committed the offense, he has
waived this point. Calhoun's third point of error is overruled.
      In his fourth point, Calhoun claims that there was insufficient evidence to establish that he
intentionally and knowingly by omission caused serious bodily injury to Dreon Calhoun.
      However, due to our disposition of point three, we do not need to consider Calhoun's fourth
point of error. Since the jury returned a general verdict for Count I for either an act or an
omission, we find that whether or not the evidence is sufficient for an omission will not affect the
verdict. Calhoun's fourth point is overruled. The judgment is affirmed.
 
                                                                                 BOBBY L. CUMMINGS
                                                                                 Justice

Before Justice Cummings and
          Justice Vance
Affirmed
Opinion delivered and filed July 17, 1996
Do not publish