**AFFIRM and Opinion Filed this 31st day of January, 2013.**



In The

## Court of Appeals
## Fifth District of Texas at Dallas

No. 05-11-01443-CR

## STEPHEN DAVID SILVEY, Appellant
## V.
## THE STATE OF TEXAS, Appellee

**On Appeal from the 416th Judicial District Court
Collin County, Texas
Trial Court Cause No. 416-81013-07**

## MEMORANDUM OPINION
Before Justices Bridges, O'Neill, and Murphy
Opinion by Justice O'Neill

A jury convicted appellant Stephen David Silvey of aggravated sexual assault, indecency with a child, and sexual performance by a child. He received a life sentence for the aggravated sexual assault conviction and twenty years' imprisonment for the other convictions. He raises three issues on appeal. First, he claims the trial court abused its discretion when it failed to stay all proceedings and order an examination to determine whether he was competent to stand trial. Second, the State improperly pleaded for the jury's sympathy during closing argument of the guilt/innocence phase. And lastly, the trial court erred in submitting a charge allowing the jury to find him guilty of penetrating the sexual organ of the victim because the evidence was insufficient to support the allegation. We affirm the trial court's judgment.

## Factual Background

Appellant and complainant's father attended college together and became good friends. Appellant visited the family regularly and continued to visit throughout the years even after the family moved from Louisiana to Texas.

During an investigation of an unrelated case involving appellant in Illinois, the complainant's name came up. An Illinois detective contacted the Plano Police Department and asked for assistance in contacting complainant's family. Complainant was later interviewed and admitted appellant abused her. She said her first recollection of the abuse was in kindergarten. She said almost every time appellant stayed with her family he would try to have sex with her. He also took nude photographs of her. The last time she remembered anything happening with appellant was in the seventh grade.

Appellant was charged with six counts of aggravated sexual assault of a child, indecency with a child, and sexual performance by a child. At the conclusion of trial, the State abandoned three counts of the indictment and the remaining three were submitted to the jury. The jury found him guilty of the remaining charges. This appeal followed.

## Competency to Stand Trial

In his first issue, appellant argues the trial court abused its discretion by failing to stay all proceedings in the case and order an examination to determine his competency to stand trial. The State responds the trial court ordered an examination, and appellant's complaint is satisfied by the record. We agree.

A defendant is presumed to be competent to stand trial unless proven incompetent by a preponderance of the evidence. TEX. CODE CRIM. PROC. ANN. art. 46B.003(b) (West 2006).

A person is incompetent to stand trial if he does not have sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding, or a rational as well as factual understanding of the proceedings against him. TEX. CODE CRIM. PROC. ANN. art. 46B.003. If evidence suggesting the defendant may be incompetent comes to the trial court's attention, it must determine by informal inquiry whether there is some evidence from any source that would support a finding that the defendant may be incompetent to stand trial. *Id.* art. 46B.004(c). A competency inquiry is not required, however, unless the evidence is sufficient to create a bona fide doubt in the mind of the judge whether the defendant is legally competent. *Rojas v. State*, 228 S.W.3d 770, 771 (Tex. App.—Amarillo 2007, no pet.). Evidence is usually sufficient to create a bona fide doubt regarding competency if the defendant shows recent severe mental illness, suffers moderate mental retardation, or engages in truly bizarre acts. *Id.*

We review a trial court's decision not to conduct a formal competency hearing for an abuse of discretion. *Moore v. State*, 999 S.W.2d 385, 393 (Tex. Crim. App. 1999). A trial court abuses its discretion if its decision is arbitrary or unreasonable. *Lawrence v. State*, 169 S.W.3d 319, 322 (Tex. App.—Fort Worth 2005, pet. ref'd).

The record shows appellant's counsel filed a pretrial motion for competency examination of defendant alleging appellant had suffered "numerous head injuries in the past and he seems unable to focus on the issues that confront him at this trial." Counsel further argued appellant seemed incapable of understanding the proceedings against him and could not effectively communicate with counsel. The trial court signed an order granting the motion.

Appellant argues that once the trial court signed the order, the record is silent as to any further inquiries or examinations into his competency as required under article 46B.005(a). *See* TEX. CODE CRIM. PROC. ANN. art. 46B.005(a) ("If after an informal inquiry the court determines

that evidence exists to support a finding of incompetency, the court shall order an examination under Subchapter B to determine whether the defendant is competent to stand trial in a criminal case."). Appellant is incorrect. The record contains an invoice from Dr. Kelly R. Goodness stating she "has completed her work as court ordered in Mr. Silvey's case." The invoice states she performed professional services testing and scoring, performed a psychological evaluation, and consulted with appellant's attorney on several occasions from August 26, 2011 to September 22, 2011. Accordingly, the record shows the trial court ordered a competency examination and appellant underwent an examination. Thus, the trial court did not abuse its discretion by failing to follow the procedural mandates of article 46B.005(a) of the Texas Code of Criminal Procedure. Appellant's first issue is overruled.

## Improper Jury Argument

In his second issue, appellant contends the State made an improper argument by pleading for the jury's sympathy during closing of the guilt/innocence phase of the trial. The State responds appellant failed to preserve his issue for review, or alternatively, the argument was a proper response to defense counsel's argument and a plea for law enforcement.

During appellant's closing argument, defense counsel made the following statements:

> I took my little girl to school this morning. I love her more than anything. I'm not a proponent of child abuse. You have no idea how much I love that little girl, but I took an oath to this court to prove cases beyond a reasonable doubt and you took the same oath.
>
> ***
>
> Guys, I'm asking you to send a message. Those are two fine prosecutors right there. This is a fine judge. The only thing lacking here is probably me, but I implore you to do the right thing, not more. Not what your gut tells you to do but what the law tells you to do. I'm begging you.

In response, the State argued during its rebuttal the following:

> The defense said you must send a message. . . . When the defense talks about how he loves his little girl, well, I want to tell you, [S.O.], I love you too. I love that you have strength. I love that you are not weak. I love that despite all your fears you had the courage to come into this courtroom and to talk to 12 strangers and to talk to me.
>
> This defendant thought you were weak, but he didn't know who you were because you found strength—

Defense counsel then objected " improper jury argument." The trial court overruled the objection.

The State first argues appellant's general objection was insufficient to preserve error. To preserve a complaint for appellate review, a party must present to the trial court a timely request, objection, or motion stating the specific grounds for the objection. TEX. R. APP. 33.1. A general "improper jury argument" objection is normally insufficient to preserve error. *Kelly v. State*, 903 S.W.2d 809, 811 (Tex. App. —Dallas 1995, pet. ref'd). However, if the circumstances show the trial judge is aware of the substance of the objection, a general objection will not waive error. *Id.* In some cases, the very nature of a prosecutor's argument coupled with a general objection may be sufficient to preserve error. *Id.*

Assuming without deciding appellant's objection was sufficient under these circumstances, we conclude the trial court did not abuse its discretion in overruling it. *See Nzewi v. State*, 359 S.W.3d 829, 841 (Tex. App.—Houston [14th Dist.] 2012, pet. ref'd) (reviewing improper jury argument for an abuse of discretion). For jury argument to be proper, it must fall into one of the following categories: (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to opposing counsel's argument; or (4) plea for law enforcement. *Id.*

The record is clear defense counsel first implored the jury to "send a message" and follow the law. Defense counsel also injected the love of his little girl into the argument. Thus, when the prosecutor argued in rebuttal that the jury should send a different message, a message to complainant, and that the prosecutor loved the complainant and her strength, the State was simply responding and answering opposing counsel's arguments. The State's response fell within a proper category of jury argument. Accordingly, the trial court did not abuse its discretion in overruling appellant's objection. Appellant's second issue is overruled.

## Sufficiency of the Evidence to Support Jury Charge

In his third issue, appellant argues the trial court erred when it submitted a disjunctive jury charge allowing the jury to find him guilty of penetrating the sexual organ of complainant when the evidence was insufficient to support the allegation.[1] The State responds the evidence was sufficient to support the jury charge. Alternatively, the State contends the trial court did not err in submitting the penetration theory because there was sufficient evidence to support the contact theory. Moreover, the State claims appellant was not harmed.

We review the sufficiency of the evidence under the standard set out in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Adames v. State*, 353 S.W.3d 854, 859 (Tex. Crim. App. 2011), *cert. denied*, 132 S. Ct. 1763 (2012). We examine all the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Adames*, 353 S.W.3d at 860. This standard recognizes "the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319.

---

[1] Appellant clearly states in his brief he is not alleging his constitutional right to a unanimous verdict was violated, but only that the jury was permitted to determine his guilt based on a manner for which there was insufficient evidence.

The jury, as the fact finder, is entitled to judge the credibility of the witnesses, and can choose to believe all, some, or none of the testimony presented by the parties. *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991). We defer to the jury's determinations of credibility, and may not substitute our judgment for that of the fact finder. *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010) (plurality op.); *King v. State*, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000) (in conducting a legal sufficiency analysis, an appellate court "may not re-weigh the evidence and substitute our judgment for that of the jury"). "Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007).

When reviewing a trial court's jury charge, we must first determine whether the charge given was erroneous. After reviewing the record, if sufficient evidence supports the allegation that appellant intentionally or knowingly penetrated the sexual organ of complainant, then the trial court did not err in submission of the jury charge and our analysis ends. If, however, the evidence is insufficient, we must then determine whether appellant was egregiously harmed by the error.[2] An error results in egregious harm when it affects the very basis of the case, deprives the defendant of a valuable right, or vitally affects a defensive theory. *Estrada v. State*, 334 S.W.3d 57, 63 (Tex. App.—Dallas 2009, no pet.).

In two separate paragraphs of the indictment, the State charged appellant with (1) intentionally and knowingly penetrating the female sexual organ of a child younger than the age of fourteen and (2) intentionally and knowingly causing contact of the female sexual organ of a

---

[2] Appellant did not object to the jury charge; therefore an egregious harm analysis is appropriate.

child younger than the age of fourteen. TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(i),(iii) (West Supp. 2012). Appellant moved for a directed verdict on this count, which the trial court denied.

For purposes of section 22.021, penetration has been defined as "to enter into" or "pass through." *Vernon v. State*, 841 S.W.2d 407, 409 (Tex. Crim. App. 1992) (citing WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1670 (1981)). The court of criminal appeals has further stated:

> In common parlance, mere contact with the outside of an object does not amount to a penetration of it. But pushing aside and reaching beneath a natural fold of skin into an area of the body not usually exposed to view, even in nakedness, is a significant intrusion beyond mere external contact.

*Id.* Thus, it is not inaccurate to describe conduct as penetration if the contact with the complainant's anatomy could reasonably be regarded by ordinary English speakers as more intrusive than contact with her outer vaginal lips. *Cornet v. State*, 359 S.W.3d 217, 226 (Tex. Crim. App. 2012). "[T]actile contact beneath the fold of complainant's external genitalia amounts to penetration within the meaning of the Aggravated Sexual Assault statue, since vaginal penetration is not required, but only penetration of the 'female sexual organ.'" *Steadman v. State*, 280 S.W.3d 242, 247–248 (Tex. Crim. App. 2009). Proof of penetration may be circumstantial or through the victim's testimony alone. *Villalon v. State*, 791 S.W.2d 130, 134 (Tex. Crim. App. 1990) (en banc); *Werner v. State*, 05-08-01503-CR, 2010 WL 779336, at *11 (Tex. App.—Dallas Mar. 9, 2010, pet. ref'd) (not designated for publication).

The evidence shows that Detective Beth Chaney with the Plano Police Department interviewed complainant, who was fifteen years old at the time, at the Children's Advocacy Center of Collin County. Detective Chaney admitted complainant never said appellant penetrated her vaginally; however, she testified complainant described being naked and appellant on top of her trying to have sex. Complainant told her appellant's penis touched her vagina.

Complainant was clear appellant "wasn't penetrating deep inside. He was trying to and she struggled to not allow that to happen."

Complainant testified every time appellant came to her house, "he would try to have sex with me." She testified he took off their clothes, put his penis between her legs, and tried to get inside her. She said it was always by force and when she tried to fight, he would sit on her hands and legs and sometimes hit her.

Viewed in the light most favorable to the verdict, the jury could infer based on the evidence that appellant intentionally or knowingly caused the penetration of complainant's sexual organ with his sexual organ. Although complainant said appellant did not penetrate her deeply, she described to the jury how they both were naked and appellant forcefully tried to put his penis inside her. The jury could infer appellant's penis made contact beneath the folds of her sexual organ in his attempts to forcefully have sex with her. *See, e.g., Gonzalez v. State*, 13-10-308-CR, 2011 WL 5282676, at *5–6 (Tex. App.—Corpus Christi Nov. 3, 2011) (mem. op., not designated for publication) (testimony of victim that defendant touched her vagina with his penis was legally sufficient to establish penetration of sexual organ under aggravated sexual assault statute). The jury could further infer that at the time complainant talked with Detective Chaney, she described legal penetration even though she did not use appropriate terminology. Moreover, Christiana Chun, a friend of complainant, testified appellant told her he had sex with complainant. Accordingly, the evidence is sufficient to support his conviction for aggravated sexual assault of a child under the age of fourteen.

Even if we concluded the evidence was insufficient to support the allegation that appellant penetrated her sexual organ, the evidence is sufficient to support a conviction for contacting complainant's sexual organ. One indictment may allege differing methods of

committing the same offense. *Kitchens v. State*, 823 S.W.2d 256, 258 (Tex. Crim. App. 1991) (en banc). And even though the indictment may allege the differing methods of committing the same offense in the conjunctive, it is proper for the jury to be charged in the disjunctive. *Id.* "It is appropriate when the alternate theories of committing the same offense are submitted to the jury in the disjunctive for the jury to return a general verdict if the evidence is sufficient to support a finding under any of the theories submitted." *Id.*

As previously noted, appellant has not argued any error in the submission of the jury charge or that his rights to a unanimous verdict were violated. The record is clear appellant contacted complainant's sexual organ with his penis. Detective Chaney and complainant unequivocally testified his penis touched her vagina. Because the jury returned a guilty verdict on an indictment alleging multiple acts in the conjunctive, the verdict must stand when the evidence is sufficient with respect to any of the acts charged. *See Young v. State*, 05-93-00655-CR, 1995 WL 5873, at *3–4 (Tex. App.—Dallas Jan. 5, 1995, no pet.) (not designated for publication) (concluding evidence was sufficient to support attempted sexual assault even though charge allowed jury to find defendant guilty of either attempted sexual assault or sexual assault); *see also Bailey v. State*, 532 S.W.2d 316, 323 (Tex. Crim. App. 1975) ("Where a general verdict is returned, and the evidence is sufficient to support a finding under any of the counts submitted, no error is shown.").[3] The record is sufficient to support the charge of appellant's sexual organ contacting complainant's sexual organ. Accordingly, appellant's third issue is overruled.

---

[3] We acknowledge that as a general rule, section 22.021 of the penal code criminalizes very specific acts, each constituting a separate statutory offense. However, an exception exists to the general rule when one act necessarily is subsumed by another such as contact and penetration. *See Tyson v. State*, 172 S.W.3d 172, 178 (Tex. App.—Fort Worth 2005, pet. ref'd).

## Conclusion

Having overruled appellant's arguments, the judgment of the trial court is affirmed.


_____
MICHAEL J. O'NEILL
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

111443F.U05



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

Stephen David Silvey, Appellant

No. 05-11-01443-CR     V.

The State of Texas, Appellee

On Appeal from the 416th Judicial District
Court, Collin County, Texas
Trial Court Cause No. 416-81013-07.
Opinion delivered by Justice O'Neill.
Justices Bridges and Murphy participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 31st day of January, 2013.

_____
Michael J. O'Neill
Justice