James V. **CHERRY**, Appellant,

v.

**The STATE of Texas, Appellee.**

No. 47794.

Court of Criminal Appeals of Texas.

April 3, 1974.

James S. Moss (Court appointed), Mesquite, for appellant.

Henry Wade, Dist. Atty. and William J. Teitelbaum, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

Appellant was convicted of the offense of theft over $50.00; the punishment enhanced under Art. 62, Vernon's Ann.P.C. was assessed at 10 years' confinement.

Appellant raises six grounds of error, only two of which will be considered in light of the result reached.

■ In appellant's fourth ground, he complains of the following argument made by the prosecutor at the guilt/innocence stage of the trial:

> "I be*le*ve that y'all know that the real reason we tried this case was not to determine guilt or innocence, but to determine what kind of punishment that is going to be set on this particular kind of crime."

Appellant's objection was overruled by the trial court.

The above-quoted statement was uninvited by defense counsel, and a totally improper line of argument to pursue at the guilt/innocence stage of the proceedings. The error was compounded by the overruling of the appellant's objection. The State's contention that the statement was a legitimate plea for law enforcement is untenable. The improper remark was the last statement made to the jury before they retired to deliberate, and we cannot conclude that it constituted only harmless error, especially in light of the trial court's ruling.

■ Additional error is reflected in the prosecutor's argument; at one point, the prosecutor began suggesting to the jury possible defenses which the appellant could conceivably have raised, but did not. (The appellant did not testify in this case, and presented no witnesses in his behalf.) The

record reflects the following statement made by the prosecutor:

"Now what defenses are available to a person in a case like this? Number one, alibi, *I* was somewhere else, *I* was with someone else." (Emphasis added)

This Court has stated many times that in order for a prosecutor's statement to constitute a comment on the failure of the accused to testify it must clearly be a reference to just that. Turner v. State, 504 S.W.2d 843 (delivered February 6, 1974); Yates v. State, 488 S.W.2d 463 (Tex.Cr.App.1972). That is exactly what we face in the present case. The prosecutor plainly stated that the *appellant* did not tell the jury that he was at another place at the time of the offense; the choice of the word "I" contradicts any theory that the prosecutor was referring to witnesses other than the appellant.

The judgment is reversed and the cause remanded.

DOUGLAS, J., concurs in the result.