**Eddie SOLIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 6–86–021–CR.**

Court of Appeals of Texas,
Texarkana.

Oct. 7, 1986.

Rehearing Granted Aug. 26,
1986 (Appellant).

Rehearing Denied Oct. 7, 1986 (State).

Dennis Sagebiel, Seguin, for appellant.

W.C. Kirkendall, Dist. Atty., Seguin, for appellee.

GRANT, Justice.

Eddie Solis appeals his jury conviction of burglary of a habitation. The jury assessed punishment at twenty-five years imprisonment in the Texas Department of Corrections. Solis brings six grounds of error.

The statement of facts reflects that there was a burglary of a residence belonging to David Baker sometime between December 20, 1984, and December 27, 1984.

On about January 6, 1985, Baker received a telephone call from Marvin Roberson who told him that he had come into possession of a gun apparently taken in the burglary. Roberson returned the gun to Baker and Baker reimbursed Roberson for the $50.00, which Roberson told him he had paid for the gun.

The State then called Jerry Luna as a witness who testified that on December 26, 1984, he was driving a car with Eddie Solis and two other individuals as passengers. According to Luna, they stopped in front of a house and the three passengers got out while Luna drove down the road. When Luna drove back and picked the three up, they had about six guns which they put in the vehicle. Luna identified the gun obtained by Roberson as one of the guns placed in the vehicle.

Solis contends that his constitutional rights under Tex.Code Crim.Proc.Ann. art. 38.08 (Vernon 1979) and Amendments V and XIV of the United States Constitution were violated when the prosecutor referred to his failure to testify. Appellant complains of the following statements of the prosecutor:

This guy's defense is, "I wasn't there, but if I was, you can't prove I went in the house". He knows he is not guilty; he is just not sure why.

Solis analogizes these remarks to the prosecutors' remarks in *Cook v. State*, 702 S.W.2d 597 (Tex.Crim.App.1984), and *Cherry v. State*, 507 S.W.2d 549 (Tex.Crim.App. 1974), asserting that the above statements are a reference to his failure to testify. In *Cook v. State, supra,* the Court of Criminal Appeals found reversible error in the following statements of the prosecutor:

MR. MCSPADDEN: During voir dire I told you at that time that I would find out what the defense is the same time you find out, and A., I told you first of all there are several defenses we usually heard. A., would be mistaken identity. They couldn't do that because everybody identified him. B., using the alibi. Someone else, because, "*I* was somewhere else. *I've* got my alibi, because *I* was playing poker with the guys." It wasn't that. Again, because all of the evidence involved. C., consent. There was no affirmative consent shown as to what happened during the attack. Only innuendoes and suppositions about what may have happened. (Emphasis added)

In *Cherry*, the prosecutor argued as follows:

Now what defenses are available to a person in a case like this? Number one, alibi, *I* was somewhere else, *I* was with someone else. (Emphasis added)

The improper remarks by the prosecutors in the *Cook* case and the *Cherry* case resulted in a holding by the Court of Criminal Appeals that:

When the word "I" is used in reference to something the defendant might have testified to, but did not, it is illogical to think that the jury is not reminded of the defendant's failure to testify. This is a classic example of what Article 38.08 was trying to prevent.

In the *Cook* decision, the Court of Criminal Appeals followed *Cherry v. State, supra,* and reversed, holding that the prosecutor's argument was an impermissible comment on the defendant's failure to testify. We find that the *Cook* case and the *Cherry* case are distinguishable from the

instant case because Solis had raised the defenses referred to by the prosecutor.

It is well established that counsel may, in argument, draw from the facts in evidence all inferences that are reasonable, fair, and legitimate, and he will be afforded latitude without limitation in this respect so long as his argument is supported by the evidence and offered in good faith. *Griffin v. State*, 554 S.W.2d 688 (Tex.Crim.App.1977).

■ In both *Cook v. State, supra,* and *Cherry v. State, supra,* the prosecutors' comments were directed to the defendants' failure to raise a defense, and because the pronoun "I" was used, the Court of Criminal Appeals held that it necessarily was a comment on the defendants' failure to testify. That is not the case here. In this case, the defendant had raised the defenses by testimony from other witnesses, and the prosecutor was merely restating or rephrasing what those witnesses had said about the defendant. Unlike in the *Cook* case and the *Cherry* case, the use of the pronoun "I" did not refer to the defendant's failure to testify, but rather to the evidence he had actually produced. Thus, it was not improper in any sense.

■ If the comment were construed to be error, certainly it was not so prejudicial that it could not have been cured by an instruction to the jury. As there was no objection and no request for an instruction, it was waived. Moreover, viewing the totality of the facts and the argument of the parties, no egregious harm is shown. *Cannon v. State*, 668 S.W.2d 401 (Tex.Crim. App.1984).

■ Solis also argues that the evidence is insufficient to support his conviction because the State failed to prove that he intentionally and knowingly entered a habitation with the intent to commit theft. Because this is a circumstantial evidence case, when reviewing the evidence we determine whether there was evidence from which the jurors might reasonably conclude that every reasonable hypothesis other than defendant's guilt was excluded. *Flores v. State*, 551 S.W.2d 364 (Tex.Crim.

App.1977). In determining the sufficiency of circumstantial evidence, it is not necessary that every fact point directly and independently to defendant's guilt. It is enough if the conclusion of guilt is warranted by the combined and cumulative force of all the incriminating circumstances. *Stogsdill v. State*, 552 S.W.2d 481 (Tex.Crim.App.1977). The test for review of the circumstantial evidence is whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Carlsen v. State*, 654 S.W.2d 444 (Tex.Crim.App.1983). As in other cases, the jury is authorized to accept or reject any witness's testimony, and they may look to all the evidence, both of the State and of the defendant, in arriving at their conclusion. *Carlisle v. State*, 549 S.W.2d 698 (Tex.Crim.App.1977); *Williams v. State*, 680 S.W.2d 570 (Tex.App.—Corpus Christi 1984), *pet. ref'd per curiam*, 692 S.W.2d 100 (Tex.Crim.App.1985).

■ The burglary victim, David Baker, testified that the gun was in the burglarized house when he left for vacation. The State proved that the house had been burglarized and that the gun was missing after the burglary. Though Jerry Luna did not testify that he saw Solis enter the Baker residence, Luna testified that he drove the car used in the burglary away from the Baker residence after Solis and two other men got out of the car. When Luna returned later, Solis and the other two loaded "about six guns" into the car, including the gun obtained by Roberson from Solis. Our review of the record compels us to conclude that a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Carlsen v. State, supra.*

Solis further submits a ground of error contending that the prosecutor's closing argument urged facts outside the evidence to bolster Jerry Luna's credibility.

The prosecutor stated:

I will remind you, Ladies and Gentlemen, that [Jerry Luna] made his statements to Deputy Taft on January 7th, months before any plea bargain or plea

of guilty in this case, months before. So his reliability, his veracity is established. If he had testified in one iota contrary to the affidavit he had given to Deputy Taft, that affidavit would be waved by Counsel and waltzed around this courtroom. It wasn't. So don't worry about the credibility of Jerry Luna. He is being consistent.

■ Prior to the closing argument, the jury had heard testimony from Jerry Luna that he had given his statement to Deputy Taft on an earlier date. This testimony was not objected to. In her closing arguments, Solis's trial counsel had suggested that Luna's testimony was not credible because of a plea bargain for which Luna received probation. The above comment by the prosecutor was a proper response to appellant's trial counsel's closing argument. In addition, the State was permitted to comment on Solis's failure to call Deputy Taft to impeach Jerry Luna's trial testimony with his earlier statement to Taft. *Mutscher v. State*, 514 S.W.2d 905 (Tex. Crim.App.1974); *Winkle v. State*, 506 S.W.2d 891 (Tex.Crim.App.1974).

Because of several occasions where his counsel failed to object, instances of her failure to offer proof, and a personality conflict between him and his trial counsel, Solis contends that he was denied effective assistance of counsel.

■ The right to effective assistance of counsel merely insures the right to reasonably effective assistance. *Ingham v. State*, 679 S.W.2d 503 (Tex.Crim.App.1984); *Ex parte Duffy*, 607 S.W.2d 507 (Tex.Crim. App.1980). The efficiency and effectiveness of an attorney's assistance must be gauged by the totality of the representation of the accused to see that he, the accused, has received reasonably effective assistance. *Johnson v. State*, 691 S.W.2d 619 (Tex.Crim.App.1984); *Ingham v. State*, *supra*.

■ Solis contends that the record as a whole reflects an experienced prosecutor running wildly over an apparent inexperienced defense counsel. Our review of the record does not substantiate Solis's contentions. Though Solis's representation may not have been error free, he makes no showing that his attorney was not prepared to defend the case. The record reflects that Solis's counsel had knowledge of the facts and was able to effectively cross-examine the witnesses. The ground of error is overruled.

■ Solis complains that the testimony of accomplice Jerry Luna was not sufficiently corroborated by the State and is therefore insufficient to support his conviction as required by Tex.Code Crim.Proc. Ann. art. 38.14 (Vernon 1979). The only evidence corroborating the accomplice testimony is that of Marvin Roberson. The test is to consider all evidence, after eliminating the accomplice testimony, and determine whether the remaining evidence is enough to tend to connect the defendant with the commission of the crime. The evidence does not need to be direct, nor does the evidence considered need to be sufficient in itself to establish guilt. *Mitchell v. State*, 650 S.W.2d 801 (Tex.Crim.App.1983); *Meyers v. State*, 626 S.W.2d 778 (Tex.Crim.App. 1982). Stolen property found in the defendant's possession is sufficient corroborating evidence. *Ross v. State*, 463 S.W.2d 190 (Tex.Crim.App.1971); *Dow v. State*, 626 S.W.2d 93 (Tex.App.—Corpus Christi 1981, no pet.). After reviewing the evidence, we are satisfied that it is sufficient for corroboration purposes.

Solis also contends that fundamental reversible error was committed by the trial court by its failure to instruct the jury on the law of accomplice testimony. The accomplice testimony was given by Jerry Luna, who pled guilty to the same burglary, and thus was an accomplice as a matter of law. Solis urges that because Luna was an accomplice witness as a matter of law, the trial judge was under a duty to instruct the jury. *Arney v. State*, 580 S.W.2d 836 (Tex.Crim.App.1979); *Allen v. State*, 461 S.W.2d 622 (Tex.Crim.App.1970).

The courts have long held that omission of an instruction concerning testimony of a witness who was an accomplice is not al-

ways reversible error. *McDonald v. State,* 138 Tex.Crim.R. 510, 136 S.W.2d 816 (1940); *Rivas v. State,* 98 Tex.Crim.R. 316, 265 S.W. 583 (1924). In a scholarly opinion in *Almanza v. State,* 686 S.W.2d 157 (Tex.Crim.App.1984), Justice Clinton writing for the court established that an unobjected-to error, in order to be reversible, must be so egregious and create such harm that it deprives the accused of a fair and impartial trial. The *Almanza* case reaffirms that an error in the charge does not require automatic reversal.

In the present case, the attorney for Solis did not object to the failure of the court to submit instructions on accomplice testimony, and therefore we must look at the record as a whole to determine whether this hindered Solis from receiving a fair and impartial trial.

The Legislature established in Tex.Code Crim.Proc.Ann. art. 38.14 (Vernon 1979) that a conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed. In reviewing the testimony connecting Solis with the crime, we do not find that it was cogent and overwhelming. The testimony supporting the involvement of Solis was presented by Jerry Luna and Marvin Roberson. Luna, who had pled guilty to the same offense, and was an accomplice as a matter of law, testified that he let Solis and two other men out of the car, and they had returned with six guns. (A .22 pistol involved in this case was one of the guns.) Luna further stated that he had been offered probation in exchange for his testimony.

Roberson first testified that two men had come to his house and offered to sell him a .22 caliber pistol and that he had told them that he would think about it and would like to look at the gun. When they returned, he bought the gun from them, paying them $50.00. On cross-examination, he testified as follows:

Q. Isn't it a fact that you won this gun in a cock fight?

A. Yes, ma'am, it is. Indirectly I did buy the gun.

Q. You won the gun in a cock fight, is that right?

A. Yes, it is.

Whether he bought the gun or won the gun, Roberson testified that he received the gun from Solis. Thus, the testimony of the accomplice and Roberson of Solis's unexplained possession of stolen property is the basis of the conviction. There was no other testimony which connected Solis to the crime.

If the jury failed to believe the inconsistent testimony of Roberson and based their verdict solely on the accomplice testimony of Luna, Tex.Crim.Proc.Ann. art. 38.14 has been violated. Erudition and numerous examinations of the record cannot reveal the mental processes of the jury. We can conclude that the inconsistencies in Roberson's testimony gave the factfinder reason to doubt his credibility. The jurors were left without guidance as to the legal consequences of not believing Roberson's testimony. Thus, we find that the instruction on accomplice testimony was of paramount importance in this case. While Solis received an impartial trial, we cannot say he received a fair trial under the law when the jury was not properly instructed concerning the testimony upon which they were to rely in reaching their verdict. We conclude that the trial court had a duty to instruct the jury concerning accomplice testimony, and under the facts of this case, failure to do so was reversible error.

The judgment is reversed and remanded for a new trial.