TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00233-CR







Lionel Salazar, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT


NO. 44,603, HONORABLE MARTHA TRUDO, JUDGE PRESIDING







PER CURIAM


 A jury found appellant guilty of aggravated sexual assault. Act of May 26, 1987,
70th Leg., R.S., ch. 573, § 1, 1987 Tex. Gen. Laws 2275, amended by Act of July 18, 1987,
70th Leg., 2d C.S., ch. 16, § 1, 1987 Tex. Gen. Laws 80 (Tex. Penal Code Ann. § 22.021, since
amended). The jury assessed punishment, enhanced by two previous felony convictions, at
imprisonment for life.

 Appellant abducted the complaining witness from the parking lot of a Killeen post
office on August 9, 1994. As the complainant was entering her car, appellant forced his way in,
drove to a remote area in Bell County, and sexually assaulted her. Appellant then returned to the
post office parking lot and instructed the complainant to follow him in his car while he drove her
car to a different location. The complainant promised to do so, but instead drove to the Willows
Apartments, where she was employed. Appellant pursued her but she managed to elude him and
escape. The sufficiency of the evidence is not disputed.

 In his first point of error, appellant contends the State was erroneously permitted
to ask a hypothetical question that was not based on evidence in this case. The witness to whom
the question was asked was Killeen police officer Ricky Smith, one of the investigating officers. 
Smith testified that the complainant told him that she abandoned appellant's car near the
intersection of Wheeler and Willow Springs. Smith drove to this location and found the vehicle
sitting at the side of the road facing oncoming traffic. The prosecutor then asked:


 If a person had been driving this vehicle that you noticed and come
off of Willow Springs Road and headed east on Wheeler and spun it around on the
wet pavement and -- would that be consistent with the condition and the direction
that the vehicle was pointed in as you found it?



Appellant's objection that the question was "not based upon the evidence" was overruled and the
officer answered the question affirmatively.

 Later in the trial, the complainant described her efforts to escape from appellant
and make her way to the apartment complex. She testified, "I had to make a left-hand turn off
of Willow Springs to get to Willows Apartments, and I lost control of the car and it did a
complete 180 and I ended up on this curb up on where this car wash is." In light of this
testimony, the error, if any, in permitting the police officer to answer the question regarding the
location of the vehicle was cured. See Tex. R. Crim. Evid. 104(b) (relevancy conditioned on
fact). Point of error one is overruled.

 Next, appellant urges that the district court should have declared a mistrial after
the State attempted to bolster an unimpeached witness. The State's first witness, a resident of the
Willows Apartments named Donnie Ziegler, identified appellant as the man he saw chasing a
woman at the apartment complex on August 9, 1994. The State's next witness, Officer Smith,
testified that appellant was returned to the apartments following his arrest. When the prosecutor
asked Smith if Ziegler identified appellant at that time, appellant objected on bolstering grounds. 
The objection was sustained, the jury was instructed to disregard the question, and the question
was not answered.

 Asking an improper question, in itself, seldom requires a mistrial. Swallow v. State,
829 S.W.2d 223, 227 (Tex. Crim. App. 1992); Hernandez v. State, 805 S.W.2d 409, 413 (Tex.
Crim. App. 1990). Any harm from an improper question can almost always be cured by an
instruction to disregard. Hernandez, 805 S.W.2d at 413-14. An improper question requires a
mistrial only when the question is clearly calculated to inflame the minds of the jury and is of such
a character as to suggest the impossibility of withdrawing the impression produced on the jurors'
minds. Id. Assuming that appellant's objection to the prosecutor's question was well-taken, we
conclude that the court's instruction to disregard was sufficient to cure the error. Point of error
two is overruled.

 In his third point of error, appellant complains that the prosecutor asked the jurors
to consider punishment during their deliberations at the guilt/innocence phase of trial. In his
closing argument, the prosecutor said:


 I hope you set a record on how fast you can convict someone in Bell
County. I hope when you go back to deliberate that we don't even get out of the
courthouse before we hear a knock on the door that you reached a verdict because
the proper, honest, moral thing to do is convict him so fast it will make his head
swim where we can get on to do the important part of this case and that's the
punishment.



The district court overruled appellant's objection that it "is not proper to bring that up at this stage
of trial."

 We believe this cause is distinguishable from Cherry v. State, 507 S.W.2d 549
(Tex. Crim. App. 1974), relied on by appellant. In that case, it was held that the trial court
reversibly erred by permitting the prosecutor to argue at the guilt stage that "the real reason we
tried this case was not to determine guilt or innocence, but to determine what kind of punishment
that is going to be set." In the cause before us, the prosecutor did not suggest to the jurors that
the question of appellant's guilt or ignorance was unimportant or irrelevant. Instead, like the
similar argument in Mann v. State, 718 S.W.2d 741, 744 (Tex. Crim. App. 1986), the
prosecutor's argument was directed mainly to the obvious strength of the State's case. In light
of the strong evidence of appellant's guilt, the challenged remark was, at most, harmless error. 
Point of error three is overruled.

 The remaining points of error concern statements made by the prosecutor during
jury argument at the punishment phase. First, appellant urges that a mistrial should have been
declared when the prosecutor argued:


You know, all this prior conviction business does is raise minimums because you
can't get more in Texas than a life sentence for this type of crime, but I'll tell you
what, had he had a real gun and he had killed [the complainant] I'd be asking you
to put him to death is what I'd be doing.



Appellant objected that this argument was outside the record and highly prejudicial. The court
stated that "[i]t is fair comment on argument," but sustained the objection and instructed the jury
"to disregard the speculative nature of what would happen if a different circumstance had occurred
and to only consider the evidence that you have before you and the offense of which you have
found the defendant guilty."

 Appellant contends that the prosecutor's argument encouraged the jury to speculate
about facts not in evidence and to assess punishment for conduct he did not commit. While
appellant recognizes that an instruction to disregard will ordinarily cure any error in jury
argument, he urges that the court's instruction to disregard the remark in question was nullified
by the court's characterization of the argument as "fair comment." Appellant's argument would
be more persuasive if the court's instruction to disregard had been brief and perfunctory. Instead,
the instruction was thorough and carefully tailored to counteract the prejudicial nature of the
prosecutor's improper remarks. Considering all the circumstances, we conclude that the
instruction was sufficient to cure the error and that the court did not err by overruling appellant's
motion for mistrial. Point of error four is overruled.

 Continuing his discussion of appellant's criminal record, the prosecutor referred
to the complaining witness in appellant's previous conviction for aggravated sexual assault and
asked the rhetorical question, "You reckon if we had [MB] in here she'd say that he's a good
guy?" Again, the district court sustained appellant's objection to this improper remark and
instructed the jury "to disregard the speculative nature of the comments made by the prosecutor,
to totally disregard it. Only consider the . . . evidence before you that's been properly admitted
into evidence and that you have heard and seen from the witness stand." We again find this
instruction sufficient to cure the error. Point of error five is overruled.

 Finally, appellant contends the prosecutor was improperly permitted to comment
on the law of parole and to ask the jury to consider that law in determining appellant's
punishment. The argument complained of was:


I ask you by your verdict to prevent future victims. In these other two cases in
Hale County . . . and in Jones County . . . he pled guilty and got ten years in each
case. He got a sweet deal. And it doesn't take no mathematician to figure from
'86 to '90, it didn't take him long to do that ten year sentence. And then from
1990 to '94 when he was back here again didn't take him long -- .



Appellant objected to this argument as a "comment on the parole law" and as a request to
"consider that in their deliberation." The objection was overruled. The prosecutor continued:


 I'm asking you to consider the evidence that you know. He's out
here again. The judge tells you that he's only going to serve one half of anything
you give him or 30 years, whichever is less and that shouldn't be much comfort
to you folks. . . . Do something for us and say something by your verdict and put
him away as long as you can.



 The district court's punishment charge included the statutory instruction on the law
of good time and parole. Tex. Code Crim. Proc. Ann. art. 37.07, § 4(a) (West Supp. 1996). As
part of that instruction, the jury was informed that it was permitted to consider the existence of
the parole law, but that it was not to attempt to predict how the law might be applied to the
defendant before them. To the extent the prosecutor's argument invited consideration of parole,
it did not conflict with the statutory parole instruction. A prosecutor may refer to evidence of the
defendant's criminal record, including his history of paroles, as part of an argument urging the
imposition of a substantial punishment. Cook v. State, 858 S.W.2d 467, 476 (Tex. Crim. App.
1993). Point of error six is overruled.

 The judgment of conviction is affirmed.



Before Justices Powers, Aboussie and Kidd


Affirmed


Filed: December 20, 1995

 

Do Not Publish



 instructed the jury
"to disregard the speculative nature of what would happen if a different circumstance had occurred
and to only consider the evidence that you have before you and the offense of which you have
found the defendant guilty."

 Appellant contends that the prosecutor's argument encouraged the jury to speculate
about facts not in evidence and to assess punishment for conduct he did not commit. While
appellant recognizes that an instruction to disregard will ordinarily cure any error in jury
argument, he urges that the court's instruction to disregard the remark in question was nullified
by the court's characterization of the argument as "fair comment." Appellant's argument would
be more persuasive if the court's instruction to disregard had been brief and perfunctory. Instead,
the instruction was thorough and ca