

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | § | |
|---|---|---|
| GREGORIO GARCIA, JR., | § | No. 08-16-00242-CR |
| Appellant, | § | Appeal from |
| v. | § | 409th District Court |
| THE STATE OF TEXAS, | § | of El Paso County, Texas |
| Appellee. | § | (TC # 20150D02898) |
| | § | |

## **O P I N I O N**

The sole issue in this appeal is whether the trial court erred in failing to grant a mistrial based on the prosecutor's closing argument. In particular, Appellant Gregorio Garcia contends that in closing argument the prosecutor (1) attacked defense counsel, (2) referenced evidence never admitted at trial, (3) asked the jury to consider the range of punishment in the guilt/innocence phase of trial, (4) lowered the burden of proof to convict, and (5) improperly used character evidence. While we disapprove of some of the prosecutor's arguments, we are convinced that for the complaints preserved for review, the trial court's instructions ameliorated any potential harm, or the complained of comments do not merit reversal. We affirm the conviction below.

# BACKGROUND

A jury convicted Appellant of aggravated sexual assault of child. The indictment alleged that on or about July 1, 2010, Appellant intentionally and knowingly caused the penetration of his penis into the mouth of N.M., who at the time was younger than fourteen.[1] As with many cases of this type, the jury was confronted with the child victim's claim of the assault, and the defendant's denial that anything ever happened. The outcry was made some four years after the event. Consequently, there was no physical evidence of the assault. There were no other eyewitnesses.

The record does show that Appellant began dating N.M.'s mother in 2008, and soon moved into her house. Appellant was age 54 at the time and the mother was 28. At the time, the mother had two children, N.M. who was eight years old, and a younger daughter, age three. Mother became pregnant with Appellant's son in the spring of 2009. N.M. testified that one day she and her younger sister were playing with Barbie dolls. Her mother, pregnant at the time, was in the shower. Appellant was in an adjacent bedroom watching TV. Appellant called N.M. to come into the bedroom. When she did, he had her lock the door. Appellant was dressed in a t-shirt and boxer shorts. He pulled down his boxer shorts while he was lying down on the bed and he told N.M. to lick his penis. According to N.M., Appellant "put his hand on the back of my head and he pushed it down." N.M.'s younger sister was knocking on the door while the incident occurred. When it became apparent that the mother finished her shower, Appellant told N.M. to leave.

The mother gave birth to Appellant's son in December 2009. A year and month following the birth, Appellant and mother had a falling out, and she had him leave the house. In 2014, some four years after the event, N.M. confided in her mother what had happened back in 2009. Mother claims that she reported the matter to the police within days of the outcry. N.M. described the

---

[1] We use only the child's initials, and intentionally do not identify family members by name to protect the child's identity.

event in a videotaped interview taken at the Child Advocacy Center. The video was admitted at trial by Appellant, who emphasized some claimed discrepancies between the account given in the 2014 interview and N.M.'s trial testimony in 2016.

Appellant testified on his own behalf, and denied the incident ever occurred. He claimed the house had no locks on the interior doors, and that he did not own a pair of boxer shorts as N.M. described. One of Appellant's adult daughters from a prior marriage had been sexually assaulted while at college, and he contended that experience would cause him never to consider doing the things he is accused of here. His counsel also pursued an additional defense. As alleged in the indictment, the aggravated sexual assault required proof that Appellant's sexual organ penetrated the mouth of the child. Based on claimed inconsistencies in the outcry and initial reports, Appellant's counsel argued there was no actual penetration, and that the State had overcharged an indecency by contact case as an aggravated sexual assault.

Nonetheless, the jury convicted Appellant of aggravated sexual assault of a child, and assessed a seventeen-year prison term and the maximum possible fine.

## DISCUSSION

In a single issue, Appellant argues that the prosecutor engaged in improper argument during closing arguments, for which the trial judge should have granted a mistrial.

### Standard of Review and Applicable Law

The primary purpose of closing argument is to facilitate the jury's analysis of the evidence so they reach a just and reasonable verdict based only on the evidence admitted at trial. *Campbell v. State,* 610 S.W.2d 754, 756 (Tex.Crim.App. [Panel Op.] 1980). Proper jury argument includes four areas: (1) summation of the evidence presented at trial, (2) reasonable deductions drawn from that evidence, (3) answers to the opposing counsel's argument, or (4) a plea for law enforcement.

3

*Jackson v. State*, 17 S.W.3d 664, 673 (Tex.Crim.App. 2000), *citing McFarland v. State*, 845 S.W.2d 824, 844 (Tex.Crim.App. 1992). In determining whether a prosecutor's statements were improper, we consider the remarks in the context in which they appear, examining the "entire argument, not merely isolated sentences." *Robbins v. State*, 145 S.W.3d 306, 314-15 (Tex.App.--El Paso 2004, pet. ref'd), *citing Rodriguez v. State*, 90 S.W.3d 340, 364 (Tex.App.--El Paso 2001, pet. ref'd); *see also Gaddis v. State*, 753 S.W.2d 396, 398 (Tex.Crim.App. 1988).

The right to insist on proper jury argument is a forfeitable right. *Hernandez v. State*, 538 S.W.3d 619, 622 (Tex.Crim.App. 2018), *citing Cockrell v. State*, 933 S.W.2d 73, 89 (Tex.Crim.App. 1996). To preserve error for appeal, a defendant must object and pursue that objection to an adverse ruling. *Hernandez*, 538 S.W.3d at 622-23 ("Erroneous jury argument must be preserved by objection pursued to an adverse ruling; otherwise, any error from it is waived."). The traditional three steps of error preservation include (1) an objection, (2) a request for an instruction to disregard, and (3) a motion for mistrial. *Young v. State*, 137 S.W.3d 65, 69 (Tex.Crim.App. 2004).

Appellant's precise complaint is that the trial court erred in failing to grant a mistrial. A mistrial is the trial court's remedy for improper conduct that is "so prejudicial that expenditure of further time and expense would be wasteful and futile." *Hawkins v. State*, 135 S.W.3d 72, 77 (Tex.Crim.App. 2004), *quoting Ladd v. State*, 3 S.W.3d 547, 567 (Tex.Crim.App. 1999). We review the failure to grant a mistrial based on an improper jury argument for an abuse of discretion. *Hawkins*, 135 S.W.3d at 76-77. A mistrial is only appropriate for "highly prejudicial and incurable errors." *Simpson v. State,* 119 S.W.3d 262, 272 (Tex.Crim.App. 2003), *quoting Wood v. State*, 18 S.W.3d 642, 648 (Tex.Crim.App. 2000). "In reviewing a trial court's ruling on a motion for

mistrial, an appellate court must uphold the trial court's ruling if it was within the zone of reasonable disagreement." *Archie v. State*, 221 S.W.3d 695, 699 (Tex.Crim.App. 2007).

In determining whether the trial court abused its discretion by denying a motion for mistrial based on an improper jury argument, we apply the so-called "*Mosley*" test, and balance the following three factors: (1) the severity of the misconduct (the prejudicial effect of the prosecutor's remarks); (2) the efficacy of any cautionary instruction by the judge; and (3) the certainty of conviction absent the misconduct. *Mosley v. State*, 983 S.W.2d 249, 259 (Tex.Crim.App. 1998); *see also Archie*, 221 S.W.3d at 700 (noting that whether a mistrial should have been granted involves most, if not all, of the same considerations that attend a harm analysis, but is not itself a harm analysis under TEX.R.APP.P. 44.2); *Hawkins,* 135 S.W.3d at 77.[2]

Appellant contends that the prosecutor in closing argument improperly (1) attacked defense counsel, (2) relied on evidence outside the record, (3) asked the jury to consider the range of punishment in guilt/innocence, (4) lowered the burden of proof to convict, and (5) improperly used character evidence. With the above standards in mind, we examine each of the complained of comments.

### Attacks on Defense Counsel

A prosecutor may not strike at a defendant by attacking the character of defense counsel. *See Mosley*, 983 S.W.2d at 258-59. The more egregious examples of such attacks include claims that defense counsel has manufactured evidence, suborned perjury, or has a lesser ethical

---

[2] No claim is made here that the prosecutor's comments denied Appellant his constitutional right to due process or a fair trial. And indeed, a prosecutor's improper comments are generally considered non-constitutional errors. *Brown v. State*, 270 S.W.3d 564, 572 (Tex.Crim.App. 2008)("*Mosley' s* holding suggests that most comments that fall outside the areas of permissible argument will be considered to be error of the nonconstitutional variety."); *Martinez v. State*, 17 S.W.3d 677, 692-93 (Tex.Crim.App. 2000)(comment striking at counsel viewed as non-constitutional error). Even viewed through the prism of TEX.R.APP.P. 44.2(b), a non-constitutional error requires reversal only when it affects a substantial right, meaning that the error must have "a substantial and injurious effect or influence in determining the jury's verdict." *Rich v. State*, 160 S.W.3d 575, 577 (Tex.Crim.App. 2005).

obligation than the prosecution. *See Wilson v. State*, 938 S.W.2d 57, 58 (Tex.Crim.App. 1996); *Mosley*, 983 S.W.2d at 258. A prosecutor also flirts with improper argument by claiming defense counsel is subverting the truth. *Mosley*, 983 S.W.2d at 259 ("[A] prosecutor runs a risk of improperly striking at a defendant over the shoulder of counsel when the argument is made in terms of defense counsel personally and when the argument explicitly impugns defense counsel's character.").

Appellant contends that this portion of the State's closing argument improperly attacked defense counsel:

> [N.M.] got on the stand and told her story. [N.M.] was the one that told her mom what happened. [N.M.] was the one that told her sister what happened. [Defense Counsel] towards the end of his closing got up here and said that outcry was made in May and not reported to the officers or to the police until October. Completely untrue. [Defense Counsel] has been trying to confuse you the entire time.

Appellant's counsel objected, but the objection complained that the prosecutor misstated the evidence and that the argument was made in "bad faith." On appeal, however, Appellant complains that this statement is a personal attack on his counsel. We reject that claim as a matter of error preservation. A complaint raised on appeal is not preserved if the legal basis of the argument varies from the objection made at trial. *Lovill v. State*, 319 S.W.3d 687, 691-92 (Tex.Crim.App. 2009). In other words, the complaint raised on appeal must comport with the objection made at trial. *Clark v. State*, 365 S.W.3d 333, 339 (Tex.Crim.App. 2012). While Appellant's reply brief claims the trial court would have understood the objections as an attack on counsel, we simply disagree. Misstating the evidence and an attack on counsel are two different objections. An objection that an argument is made in bad faith is so general as to have no meaning.

Moreover, the objection that was actually made ("That is a total misstatement of the evidence") would have been properly overruled. The prosecutor accurately represented one version of the facts developed at trial. Appellant argued that N.M.'s mother had made an allegation

6

of the sexual assault in a domestic relations hearing held in May of 2014. The outcry and report to the police occurred in October 2014. A five-month delay in going to the police would have cast a further shadow over the report, particularly given that the N.M.'s mother was ultimately unsuccessful in her domestic relations case, which terminated in August 2014. Appellant advanced this argument in his own closing.

The mother, however presented a different version of events. She claimed that the issue came up in the domestic relations suit when N.M.'s aunt refused to testify on behalf of a "child molester." The aunt reached that conclusion based on the N.M.'s *younger sister* telling the aunt that Appellant had kissed N.M. on the lips and patted her bottom. The aunt was not relating the specific incident of aggravated sexual assault made the basis of the indictment. The prosecutor argued from that testimony that there was no delay between the outcry of the aggravated sexual assault and the report to the police. He was also responding to Appellant's closing, which is another of the permissible parameters for closing. *See Mosley*, 983 S.W.2d at 256*; Davis v. State*, 268 S.W.3d 683, 713 (Tex.App.--Fort Worth 2008, pet. ref'd).

Appellant bolsters the "attack on counsel" argument with additional comments made by the prosecutor:

> [Defense Counsel] has been trying to confuse you the entire time -- to confuse you all the entire time by two different outcries. Well, when did she outcry? When did it happen? Kissing, sexual penetration, not penetration. What is going on here? He would ask Mr. Zimmerly the same thing. 'How long were you on the police force for?' '25 years.' 'And you are unbiased?' And he is like, 'Well, am I unbiased as a police officer or as a forensic interviewer?'

> [Defense Counsel] has not been clarifying any of those questions to any of those witnesses because it is not to his client's favor. Now, although what we say is not evidence, don't think we are not trying to persuade you. That is our job right now. If I didn't believe in this case we wouldn't be here in trial today. Ultimately, we have discretion as an assistant district attorney to go forward with the case or to not go forward with the case. After looking at the case and after pre-trialing with [N.M.], [the younger sister] and her mother and some other family members, we

7

went forward with the case. [Defense Counsel] is right. There was enough to go forward with the case in terms of what we had.

Even if these arguments exceeded the bounds of proper argument, no objection was lodged at trial, and we cannot consider any error on appeal. *Threadgill v. State*, 146 S.W.3d 654, 667 (Tex.Crim.App. 2004)(defendant forfeited any complaint that the prosecutor during closing argument struck at the defendant over the shoulders of his counsel by failing to object); *Wead v. State*, 129 S.W.3d 126, 130 (Tex.Crim.App. 2004)(holding court of appeals erred by considering defendant's complaint of improper comment regarding his failure to testify when defendant did not raise such complaint in the trial court).

## **Evidence Outside the Record**

A prosecutor cannot use closing argument to argue facts that are outside the record. *Everett v. State*, 707 S.W.2d 638, 641 (Tex.Crim.App. 1986). Appellant calls our attention to this statement in the State's closing as the prosecutor tried to explain why N.M.'s younger sister was not called to testify:

> Detective Alvarado knew he had an uphill battle. Four-year outcry. You have got a mother that maybe isn't liked because of her profession. You have another daughter that was there for one of the kissing incidents that happened, but she may be too young to speak with or to actually get a credible answer from. That's why you didn't hear from [the younger sister]. I could have put [the younger sister] on that stand. We had the discussion beforehand. That is why you didn't hear from [the younger sister]. But she said, 'You know what, I was, like, three. I think I saw something, but --'

Appellant's trial counsel promptly objected, and the trial court sustained the objection. But neither a motion to disregard or motion for mistrial was urged. The State first responds that the failure to move for an instruction or mistrial, forfeits the error. We agree. *See Hernandez,* 538 S.W.3d at 623 ("Erroneous jury argument must be preserved by objection pursued to an adverse ruling; otherwise, any error from it is waived.").

8

Appellant also points another portion of the prosecutor's argument where he paraphrased and overstated N.M.'s testimony. In his closing, the prosecutor *claimed* that N.M, testified that "I coughed and I gagged. I don't remember the taste. I don't know what it tastes like. I don't remember what it looked like. This is not something I want to talk about.'" N.M. did testify that she coughed. In her videotaped interview, N.M. stated that she did not recall what Appellant's penis looked like. She did not testify, or say anything in her statement about taste, and she explicitly denied that Appellant ejaculated. Appellant's counsel objected that the statement was outside the record. The trial court overruled the objection,[3] but admonished the jury that they would collectively recall the testimony better than the court.

The State concedes N.M. never testified about taste in describing the event. Rather, it claims the statement is only a "slight" deviation from the record; Appellant contends the embellishment is a "gross misstatement of the facts." Applying the *Mosely* framework, we agree the embellishment was improper, but at most it refers to one of three senses (taste), when the actual testimony refers to only two sensations--sight and touch. While the overstatement is perhaps more than "slight," we conclude the trial court's instruction ameliorated any harm. The trial court reminded the jury to use their collective recollection of the actual testimony. That instruction is generally considered effective in remedying counsel's overstatement of the evidence. *See Long v. State*, 823 S.W.2d 259, 267 (Tex.Crim.App. 1991)(although court overruled objection, its sua sponte instruction that jurors "recall the evidence as you heard it . . . what the lawyers say is not evidence" was sufficient to cure any error from prosecutor's comment); *Jackson v. State*, 50 S.W.3d 579, 590 (Tex.App.--Fort Worth 2001, pet. ref'd)(court's instruction to "recall the evidence" was tantamount to instruction to disregard that cured improper jury argument). The jury

---

[3] The State claims that Appellant forfeited the error by not obtaining a ruling. Our record, however, shows the trial judge clearly stated "overruled." The State's waiver argument is not well-taken.

in fact asked for specific read-backs of testimony regarding the "coughing" and we have no reason to conclude they relied on the prosecutor's single, but improper, reference to taste. And while the factual disputes in this trial were sharp, and the State's case well contested at trial, we cannot conclude that the single reference to taste merits a mistrial. "Only in extreme circumstances, where the prejudice is incurable, will a mistrial be required." *Hawkins*, 135 S.W.3d at 77. That standard is not meet here.

### Range of Punishment

It is generally improper for the State to comment on punishment during the guilt-innocence stage of trial. *See McClure v. State*, 544 S.W.2d 390 (Tex.Crim.App. 1976); *Cherry v. State*, 507 S.W.2d 549 (Tex.Crim.App. 1974). That kind of comment is more troublesome in a case where the jury must decide between a greater and lesser included offense, and the range of punishment might steer them to one crime or the other. *See McClure*, 544 S.W.2d at 393 (explaining that the harm was not that the jury was informed of the punishment ranges, but that the jury was urged to consider the amount of punishment in deciding between murder and manslaughter); *Browne v. State*, 483 S.W.3d 183, 201 (Tex.App.--Austin 2015, no pet.)(noting the same and collecting cases). Conversely, isolated references to the punishment range would rarely call for reversal. *See Cifuentes v. State*, 983 S.W.2d 891, 893 (Tex.App.--Houston [1st Dist.] 1999, pet. ref'd).

Appellant focuses on this portion of the prosecutor's argument as improperly injecting the range of punishment into the guilt innocence phase of the trial:

> What else did he say? 'You like young women, right?' 'Yeah, so does Mick Jagger and Donald Trump.' You're joking right now. You are kidding. You are kidding me. If you find him guilty, he is going into custody as soon as that verdict comes back and then we are going to punishment and then the minimum he is facing is five years, the maximum 99 or life and up to a $10,000 fine if you want to put that in there.

The trial court sustained Appellant's objection and sua sponte instructed the jury to disregard this argument. The trial court then denied a motion for mistrial.

We find no abuse of discretion for several reasons. First, Appellant's counsel brought the issue up first in his own closing, referencing Appellant same testimony. And in arguing that the State intentionally chose to pursue the case as an aggravated sexual assault charge, rather than an indecency with a child by contact or indecent exposure, his counsel had explicitly told the jury that the punishment range was five years to life.

Additionally, the reason the State referenced the punishment range was not to steer the jury between charges, as there was no lesser included offense at issue here. Instead, it used the punishment range to emphasize the flippancy of one of Appellant's testimonial answers in the face of a serious charge. *Cf. Good v. State,* 723 S.W.2d 734, 736 (Tex.Crim.App. 1986)(a prosecutor may allude to the demeanor of a testifying witness during closing argument, so long as the jury had the same opportunity to observe the demeanor during the witness's testimony); *see also Hinojosa v. State,* 433 S.W.3d 742, 763 (Tex.App.--San Antonio 2014, pet. ref'd)(proper jury arguments may include argument as to the truthfulness of a witness's testimony so long as the argument is based on the evidence presented and reasonable deductions from such evidence, including the complainant's demeanor while testifying). And even if viewed as error, the single reference to the punishment range would not require a new trial. *Compare Bruton v. State*, 921 S.W.2d 531, 536 (Tex.App.--Fort Worth 1996, pet. ref'd)(holding that a single reference to the punishment range "was not of such a damning character that it would be impossible to remove the harmful impression from the minds of the jurors"), *with McClure*, 544 S.W.2d at 393(holding prosecutor's reference to the punishment range improper where the prosecutor repeatedly argued the difference in punishment ranges between the greater and the lesser-included offense). Finally,

11

the trial judge instructed the jury to disregard the comment, which in most instances will cure any claim of harm. *Shannon v. State*, 942 S.W.2d 591, 597 (Tex.Crim.App. 1996).

### Lowering the Burden of Proof

The jury was properly charged that it could only find Appellant guilty if the State proved each element of the crime beyond a reasonable doubt. Appellant contends, however, that the prosecutor asked the jury to apply a different standard when he made this argument:

> So when you go back there and after you deliberate and after you talk about it, if you go back there and you say, 'You know what, I think it happened.' If you say, 'I think it happened,' that means you believe it happened. At that point, stop.

A jury of course could believe that "it happened" by a preponderance of the evidence, or even by clear and convincing evidence, but still not be obligated to "stop" and render a guilty verdict. *See Abbott v. State*, 196 S.W.3d 334, 344 (Tex.App.--Waco 2006, pet ref'd)(finding similar closing argument was improper, but noting it did not merit reversal). Only if the State proved each element beyond a reasonable doubt should the jury "stop" and fill out the verdict form.

Nonetheless, we conclude any error in the argument does not merit reversal. Appellant properly objected that a juror's "I think" belief is not the same as "I believe beyond a reasonable doubt." While the trial judge overruled the objection, the judge immediately reminded the jury that "the burden of proof in all criminal cases in the State of Texas is beyond a reasonable doubt. You, individually and collectively, will make the definition of beyond a reasonable doubt and nobody else." When the prosecutor resumed his argument, he acknowledged that the State needed to prove its case beyond a reasonable doubt, and the State could not tell the jurors what that meant. Applying the *Mosely* factors, we find the violation mild, the curative instruction, which was acknowledged by the State, as effective, and even considering a closely contested case, any error as not worthy of a new trial.

12

**Improper Used of Character Evidence**

Under Rule 404(b) "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." TEX.R.EVID. 404(b)(1). Appellant claims that the prosecutor did just that, by pointing the jury to testimony about how Appellant French-kissed N.M. and patted her on the bottom. The prosecutor made this argument regarding that evidence:

> 'Did she tell you that she was kissed by the defendant?' And that is where [Mother] said yes. 'Did she tell you that she was touched by the defendant?' 'Yes.' Those were like bonus points for you all to consider. He asked if there was corroborating evidence from Detective Alvarado. And he wasn't allowed to talk. That is your corroborating evidence. Other offenses that happened. We don't need to prove --

Appellant objected, and the trial court sent the jury out. The trial judge then asked the prosecutor if he was "seriously trying to tell this jury that because somebody does A or B that is not a crime -- or has not been charged with a crime means he is guilty of what you have indicted him for?" The trial judge then warned that if the prosecutor "finished that argument in front of the jury" the State would see what the trial court's ruling was going to be. When the jury returned, the trial court denied Appellant's motion for mistrial, but it immediately instructed the jury that the only offense they should be concerned about was the one in the charge and that they were required to find that the State had proven each element of that offense beyond a reasonable doubt.

Under Rule 404(b) extraneous offense evidence might be admitted for a limited purpose, such as proving motive, opportunity, intent, or several other specified purposes. TEX.R.EVID. 404(b). A defendant is entitled to seek an instruction defining that limited purpose. *Delgado v. State*, 235 S.W.3d 244, 253 (Tex.Crim.App. 2007)("[A] defendant is entitled to limiting instructions on the use of extraneous offenses during the guilt phase only if he timely requests those instructions when the evidence is first introduced."). And the kind of conduct at issue here

13

(French-kissing and patting on the bottom) might have fit into one of those categories. *See Brown v. State*, 6 S.W.3d 571, 578-79 (Tex.App.--Tyler 1999, pet. ref'd)(extraneous bad act of defendant placing his hand on the child victim's buttocks when he picked her up was probative of the defendant's state of mind); *Poole v. State*, 974 S.W.2d 892, 898 (Tex.App.--Austin 1998, pet. ref'd)(evidence of extraneous sexual conduct explains how "a person in a position of authority, custody, or care of a young child has developed an unnatural attitude and relationship toward that child . . ."). The extraneous event evidence in this case came in without a limiting instruction. It was first elicited by Appellant in cross-examination of the mother, and then admitted again by Appellant when he introduced a videotape of N.M.'s forensic interview.

If evidence is admitted without a limiting instruction, it can be considered by the jury for all purposes. *Delgado*, 235 S.W.3d at 251 ("Once evidence has been admitted without a limiting instruction, it is part of the general evidence and may be used for all purposes."); *Hammock v. State*, 46 S.W.3d 889, 894 (Tex.Crim.App. 2001)(same); *Irielle v. State*, 441 S.W.3d 868, 880 (Tex.App.--Houston [14th Dist.] 2014, no pet.)("[W]e hold that there was no error in the jury charge because the 'other wrongs or acts' evidence was admissible for all purposes--including character conformity--when appellant failed to request a limiting instruction at the time the 'other wrongs or acts' evidence was admitted."). Because the French-kissing and bottom-patting evidence was admitted for all purposes, we cannot fault the prosecutor for arguing one of those possible purposes.

But in any event, if the comment was improper, it does not merit reversal under the *Mosley* factors. The comment was minimally prejudicial, because as the trial court noted, the prosecutor never finishing the argument. The reference to "bonus points" is at best ambiguous, and can just as easily be understood as corroborating N.M.'s credibility which had been attacked during the

trial.  The trial judge promptly gave an instruction that would limit the jury to considering only the offense outlined in the court's charge (the indicted offense).  We presume that the jury follows curative instructions.  *See Colburn v. State*, 966 S.W.2d 511, 520 (Tex.Crim.App. 1998)(holding that the jury is presumed to follow the court's instructions); *Martin v. State*, 176 S.W.3d 887, 898 (Tex.App.--Fort Worth 2005, no pet.)(holding that jury is presumed to follow the instructions set forth in the trial court's charge).  Any error in the argument does not require a mistrial.[4]

Appellant's reply brief urges that the harm from the several arguments cannot be considered piecemeal, but rather we must collectively consider how they prejudiced Appellant's case.  But even collectively, those comments that were properly preserved do not meet the relatively high threshold for demonstrating an abuse of discretion in denying Appellant's motion for mistrial.  We overrule his single issue on appeal and affirm the conviction below.

August 31, 2018

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rodriguez, and Palafox, JJ.

(Do Not Publish)

---

[4] Appellant's brief also contends this last argument by the State was improper:

> Ultimately, if you go back there and you find the defendant not guilty, you would have told [N.M.], 'We don't believe you.'

> [Defense Counsel]: Your Honor, that is beyond improper.  To tell a jury that they are telling -- I will withdraw it. I will withdraw it, Judge.

Appellant's brief asserts that the Prosecutor withdrew his remark, and State makes that same statement in its brief.  That is not how the official transcript reads.  But in any event, the objection was too general to form the basis of an issue on appeal.  Nor did the trial judge rule on the objection, and the issue was not pursued to an adverse ruling.  *Hernandez*, 538 S.W.3d at 622-23 ("Erroneous jury argument must be preserved by objection pursued to an adverse ruling; otherwise, any error from it waived.").